IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SULACO ENTERPRISES LLC, | Case No. 2:25-cv- |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| FORTINET INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sulaco Enterprises LLC ("Sulaco" or "Plaintiff") for its Complaint against Defendant Fortinet Inc. ("Fortinet" or "Defendant") for patent infringement alleges as follows:

## THE PARTIES

1. Sulaco is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 170, Marshall, TX 75670.

2. On information and belief, Defendant Fortinet Inc. is a corporation organized under the laws of the state of Delaware, with a regular and established place of business in this Judicial District at 6735 Salt Cedar Way, Frisco, TX 75034. Upon information and belief, Fortinet does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has specific and personal jurisdiction over Defendant consistent with

the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, Defendant has sufficient minimum contacts with the forum because Defendant transacts substantial business in the State of Texas and in this Judicial District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, alleged more particularly below.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District. Defendant, through its own acts, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

**PATENT-IN-SUIT**

6. On March 24, 2015, the United State Patent and Trademark Office duly and legally issued U.S. Patent No. 8,990,942 (the "'942 Patent") entitled "Methods and Systems for API-Level Intrusion Detection". A true and correct copy of the '942 Patent is attached hereto as Exhibit A.

7. Sulaco is the sole and exclusive owner of all right, title, and interest in the '942 Patent (the "Patent-in-Suit") and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. Sulaco also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

8. Sulaco has at all times complied with the marking provisions of 35 U.S.C. § 287

with respect to the Patent-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

9. The '942 Patent generally relates to API-level intrusion detection for monitoring and analyzing API calls to detect malicious or unauthorized activity. The technology described in the '942 Patent was developed by inventors Anand Thakadu, Anirban Bhattacharya, Kuldip Shetty, Krishna Prasad Muraleedharan Pillai, Ravi Udaya Kumble, Sourav Bhattacharya, Venu Aluri, and Vitesh Patel. By way of example, this technology is implemented in hardware and software products that provide API-level intrusion detection and sandboxing capabilities.

10. Defendant has infringed and continues to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patent-in-Suit.

## COUNT I
### (Infringement of the '942 Patent)

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. Sulaco has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '942 Patent.

13. Defendant has and continues to directly infringe the '942 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '942 Patent. Such products include but are not limited to Web Application Firewall products such as the FortiWeb 100F, FortiWeb 400F, FortiWeb 600E, FortiWeb 600F, FortiWeb 1000F, FortiWeb 2000F, FortiWeb 3000F, and FortiWeb 4000F, FortiWeb Cloud WAF-as-a-Service, Cloud Web Application and API Protection

Platform (Cloud WAAP) products such as FortiAppSec Cloud, Sandbox Products such as FortiSandbox, FortiSandbox SaaS, FortiSandbox Virtual Appliance, FortiGuard Sandbox Services, and FortiSandbox SaaS for FortiGate (Enterprise Protection, Inline Malware Prevention Service, Cloud Sandbox), FortiSandbox SaaS for Security Fabric (Cloud Sandbox for FortiMail, Cloud Sandbox for FortiWeb, Cloud Sandbox for FortiProxy, Cloud Sandbox for FortiADC), FortiSandbox PaaS (FortiSandbox Cloud 1 VM, FortiSandbox Cloud 5 VMs), FortiSandbox Pub Cloud / FortiSandbox VM Appliance ( FortiSandbox-VMS), FortiSandbox On Premise Hardware (FortiSandbox 500G, FortiSandbox 1500G, FortiSandbox 3000G), and Next Generation Firewalls such as the FortiGate 7121F, FortiGate 7081F, FortiGate 6500F, FortiGate 6300F, FortiGate 6001F, FortiGate 4800F, FortiGate 4400F, FortiGate 4200F, FortiGate 3700F, FortiGate 3500F, FortiGate 3200F, FortiGate 3000F, FortiGate 2600F, FortiGate 1800F, FortiGate 1000F, and other products, including, but not limited to, FortiClient, FortiADC, FortiMail, FortiProxy, among other products.

14.     For example, Defendant has and continues to directly infringe at least claim 22 of the '942 Patent by making, using, offering to sell, selling, and/or importing into the United States products that provide API-level intrusion detection and sandboxing capabilities.

15.     For example, Fortinet's FortiWeb 100F performs an application programming interface (API)-level intrusion detection method. The FortiWeb 100F performs the step of receiving an API call for a service at an API sandbox module.



16. The FortiWeb 100F performs the step of parsing the API call to extract at least one of: an API call name; or one or more API call parameters.

---

[1] Fortinet Synergy Brief: Better Together: FortiSandbox + FortiWeb at 1. Available at: https://www.fortinet.com/content/dam/fortinet/assets/solution-guides/sb-synergy-bettertogether-sandbox-fortiweb.pdf



17. The FortiWeb 100F performs the step of generating a copy of the at least one of: the API call name or the one or more API call parameters. The FortiWeb 100F performs the step of providing, to an intrusion detection rules execution engine including one or more hardware processors, the copy of the at least one of: the API call name or the one or more API call parameters.

18. The FortiWeb 100F performs the step of determining, via the intrusion detection rules execution engine, whether the API call is in violation of one or more security rules obtained from a security rules object. The FortiWeb 100F performs the step of providing an indication of whether the API call is in violation of the one or more security rules.

---

[2] Fortinet Document Library: FortiWeb 7.0.1 Administration Guide at 655. Available at: https://docs.fortinet.com/document/fortiweb/7.0.1/administration-guide/855842/api-patterns-and-paths
[3] *Id.* at 14.

> **Better Together: FortiSandbox + FortiWeb**  **SYNERGY BRIEF**
>
> **Benefits of Using FortiSandbox and FortiWeb**
>
> When working together, FortiSandbox and FortiWeb provide improved detection and protection of web applications and APIs against suspicious, zero-day file-based threats and malware. They also detect and respond to advanced threats, bot attacks, and APTs via:
>
> - **AI/ML-accelerated and enhanced threat detection:** AI-powered sandbox goes beyond traditional sandboxing solutions, eliminates false positives, and focuses on the threat that really matters to ensure that no unknown/suspicious file passes into the network
> - **Quick verdicts:** AI-powered static and dynamic analysis and filtering means quick verdicts on files that do not impact productivity and guarantee security.
> - **Comprehensive coverage of threats:** Combining FortiWeb web application security and FortiSandbox AI-powered advanced threat detection ensures proactive protection for top attack vectors before they become exploits.
> - **Actionable threat intelligence:** To keep your web application security measures up to date and effective against emerging threats, FortiWeb uses threat intelligence from FortiSandbox to identify and block incoming traffic that is attempting to exploit known or unknown vulnerabilities in web applications.
> - **Unified management:** Both FortiWeb and FortiSandbox can be managed through the Fortinet Security Fabric, providing a unified and simplified management experience that comes from a fully integrated single-vendor platform.
>
> **How the FortiSandbox and FortiWeb Integration Works**
>
> 1. All incoming traffic for web applications is sent to FortiWeb.
> 2. FortiWeb analyzes the data and blocks any unknown or malicious files it detects. It then sends any of these files to the sandbox for further analysis.
> 3. FortiSandbox performs AI/ML static and dynamic analysis. If malicious files are detected, it sends an alert to FortiWeb and quarantines that malicious file.
> 4. FortiWeb blocks that file, preventing it from getting to the targeted web application, keeping the network secure and preventing any lateral spread.
> 5. If FortiSandbox provides a clean verdict, FortiWeb allows that traffic to pass through to the web application.
>
> **Additional Resources**
> - FortiSandbox Data Sheet
> - FortiWeb Data Sheet
> - FortiWeb Cloud Data Sheet
> - FortiSandbox Ordering Guide
> - FortiWeb Ordering Guide
>
> **Summary**
>
> By using FortiWeb and FortiSandbox together, organizations benefit from a more proactive, coordinated, streamlined, and efficient threat response process. This can help to minimize the impact of successful cyberattacks and reduce the time it takes to detect and respond to threats. FortiSandbox SaaS is included as part of the FortiWeb Cloud license. However, FortiSandbox HW/VM is an add-on. Depending on your environment, you can either use a cloud-based or an on-premises sandboxing solution.
>
> **FORTINET**   www.fortinet.com [4]

19.     The FortiWeb 100F uses an API sandbox module co-located at an enterprise software gateway and performs the step of receiving API calls for user selected developers and user selected API name references and performs the step of processing the received API calls for

---

[4] Fortinet Synergy Brief: Better Together: FortiSandbox + FortiWeb at 2. Available at: https://www.fortinet.com/content/dam/fortinet/assets/solution-guides/sb-synergy-bettertogether-sandbox-fortiweb.pdf

application specific intrusion detection.

> FortiWeb allows you to configure these features:
> - Vulnerability scanning and patching
> - IP reputation, web application attack signatures, credential stuffing defense, anti-virus, and FortiWeb Cloud Sandbox powered by FortiGuard
> - Real-time attack insights and reporting with advanced visual analytics tools
> - Integration with FortiGate and FortiSandbox for ATP detection
> - Behavioral attack detection
> - Advanced false positive and negative detection avoidance
>
> FortiWeb hardware and virtual machine platforms are available for medium and large enterprises, as well as for service providers.

[5]

20. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Fortinet has used the Accused Products in a manner that directly infringes at least claim 22 of the '942 Patent.

21. Defendant has and continues to indirectly infringe one or more claims of the '942 Patent by knowingly and intentionally inducing others, including Fortinet customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

22. Defendant, with knowledge that these products, or the use thereof, infringe the '942 Patent at least as of the date of this Complaint, has knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '942 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendant has adopted a policy of not reviewing the patents of others, and instructing its officers, agents, and employees to not review the patents of others, including specifically those

---

[5] Fortinet Document Library: FortiWeb 7.0.1 Administration Guide at 14. Available at: https://docs.fortinet.com/document/fortiweb/7.0.1/administration-guide/855842/api-patterns-and-paths

related to Defendant's specific industry, thereby remaining willfully blind to the Patent-in-Suit at least as early as the issuance of the Patent-in-Suit.

23. Defendant has induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '942 Patent, but while remaining willfully blind to the infringement. Defendant has and continues to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendant's website, product literature and packaging, and other publications.

24. Defendant has indirectly infringed and continue to indirectly infringe one or more claims of the '942 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendant's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '942 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '942 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendant to be specially made or adapted for use in the infringement of the '942 Patent. Defendant performs these affirmative acts with knowledge of the '942 Patent and with intent, or willful blindness, that they cause the direct infringement of the '942 Patent.

25. Sulaco has suffered damages as a result of Defendant's direct and indirect

infringement of the '942 Patent in an amount to be proven at trial.

26.     Sulaco has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '942 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Sulaco prays for relief against Defendant as follows:

a.     Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.     An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patent-in-Suit;

c.     An order awarding damages sufficient to compensate Sulaco for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d.     Entry of judgment declaring that this case is exceptional and awarding Sulaco its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e.     Such other and further relief as the Court deems just and proper.

Dated: December 3, 2025                              Respectfully submitted,

                                                     /s/ Vincent J. Rubino, III
                                                     Alfred R. Fabricant
                                                     NY Bar No. 2219392
                                                     Email: ffabricant@fabricantllp.com
                                                     Peter Lambrianakos
                                                     NY Bar No. 2894392

Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,
SULACO ENTERPRISES LLC***